### SHEPARD *vs.* CITIZENS' INSURANCE COMPANY.

1. A new trial will not be granted on the ground of surprise in the testimony of a witness of the opposite party in relation to a particular fact, when the party must have been aware that the witness would have been called for the purpose of proving that fact, as where a notary public is called by the plaintiff to prove due notice of the dishonor of a bill of exchange.

2. Proof that the notary made inquiry of several of his acquaintances in different parts of the city of St. Louis, as to the place of business or residence of the maker of a bill, without being able to ascertain either, was held to dispense with proof of notice.

APPEAL from the Court of Common Pleas of St. Louis County.

HUDSON *and* HOLMES, *for Appellant.*

#### POINTS AND AUTHORITIES.

1. A new trial will be granted on affidavit of a surprise in the evidence, when the testimony could not reasonably have been anticipated, and when it is material to the issue.—Graham on New Trials, 168, 172, 184; 11 Price, 383; a case cited in 2 Harris' Dig., 1524; as to the time of giving notice, see Chitty on Bills, 506, note 12; Man. Rep., 172, 403; 1 Peters, 84, cited; Chitty on Bills, 513, 515, and notes.

2. The truth of the matter contained in an affidavit must be taken for granted; and if sufficient matter be sworn to, to constitute good ground for a new trial, it is enough.

The particularity insisted upon by the court below is nowhere expressly required. No case cited in Graham on New Trials speaks of such a requisite. "The surprise must arise out of facts which are, in their nature, calculated to produce that effect." — Graham, N. S., 178. The principal fact stated in the affidavit is the false swearing, which, if material, must occasion a surprise. The defendant relied upon this same witness to prove the facts as they were, as he best knew them.

3. The endorser is bound to show that reasonable inquiries have been made, and due diligence used, to ascertain whether the maker has a place of residence, or a place of business, in town or not; whether he is at home, or absent; whether he has removed, and whither; whether he is dead, or out of the jurisdiction of the State; whether there is an administrator, &c., before a personal presentment will be excused.—Story on Bills of Exchange, sec. 350, 351, 352, and notes; the case of McGruder vs. the Bank of Washington, 9 Wheat., 599 to 622, cited. A demand on the maker is, in general, indispensable; and that demand must be made "at his place of abode, or his place of business." It is incumbent on the endorser to show due diligence in ascertaining the fact of a removal. "Had the house been shut up, he might, with equal correctness, have returned, 'that he had not found him;' and yet that clearly would not have excused the demand, unless followed by reasonable inquiries."—Chitty on Bills, 400, 401. If the place of residence or business be shut up, "the holder must endeavor to find out to what place he has removed." In this case the notary neither went to the maker's house, nor to his place of business, nor looked in the directory for either, nor inquired of any other party to the note, although the defendant resided in the very heart of the city, as he was bound to do.—See Story on Bills, sec. 305, and the notes within a few sections after.

The inquiry of the notary, of two or three strangers that he casually met on a public street, was not sufficient diligence, within the meaning of these authorities. —Chitty on Bills, note to p. 506, cite Binney, 541, and 6 Mass., 386.

GEYER and DAYTON, for Appellee.

POINTS AND AUTHORITIES.

That the evidence, as preserved by the record, if true, is perfectly conclusive in favor of the verdict and judgment that was rendered upon it, and that the only question now requiring to be considered in the case is —

Did the court err in refusing to grant a new trial upon the reason first assigned, and the affidavit filed in support thereof ?

In the first place, the affidavit is utterly defective in not alleging, either expressly, or by implication, that the appellant had any good or meritorious defence to the action.—Vide Meechum vs. Indy, 4 Mo. Rep., 361 Elliott vs. Leak, 4 Mo. Rep., 540.

The affidavit is also defective, in not specifying what matters stated by the witness in his said evidence are false, so that the court can judge whether they are material.—Graham's Practice, 511; 4 Johns., 425; 1 Hall, 382; 1 Caine's Rep., 24.

The affidavit shows no sufficient excuse for not being prepared at the first trial, with the testimony which, it states, could be produced, should a new trial be granted.

It must have been known to the appellant, before the trial, that Garnier was the notary who protested the note and gave the notice; that he must necessarily be called to give testimony to those facts; and the record shows that his testimony was confined strictly to those matters. If it were in the power of the appellant to prove, independent of the testimony of the notary, that any of the facts necessary to a recovery did not exist, he ought to have come prepared for that purpose. From all that appears in the affidavit, the appellant knew the facts of his case and what he could prove, as well before as he did after the trial. He ought to have prepared himself accordingly.—*Vide* 5 Wendell's Rep., 127; 3 Caine's Rep., 182; 2 Caine's Rep., 155; 18 Johns. Rep., 489; 7 Mass. Rep., 205; 15 Mass., 378.

But if the affidavit had alleged merits, been sufficiently specific in relation to the pretended false statements, and shown due diligence on the part of the appellant, still the court would not grant a new trial without the affidavits of others than the party interested, as to what could be proved by way of contradicting the testimony of the notary, or without its being shown to the court that such affidavits could not be procured.

In a motion for a new trial, on the ground of newly-discovered evidence, the applicant must procure the affidavits of those who are to be the witnesses, setting forth what they can testify to, or he must show that such affidavits cannot be obtained.—*Vide* Hall's Rep., 382; 4 Johns. Rep., 425; 3 Caine's Rep., 182.

There is no difference between such a case and this, which justifies the application to the latter of a rule less strict. The presumption is, that if the appellant can prove on a new trial what he alleges in his affidavit, he might have obtained the affidavits of the witnesses by whom he is to prove it. Having failed to do this, the testimony of an unimpeachable and disinterested witness ought to be taken as true, in preference to vague and general statements, supported only by the oath of the party interested. There would be no end to new trials, if one could be obtained on such an affidavit.— Graham on New Trials, pp. 177, 229 to 235, and 496 *et seq.*

TOMPKINS, *Judge, delivered the opinion of the Court.*

The Citizens' Insurance Company brought their action against Elihu H. Shepard in the Court of Common Pleas of St. Louis county, and judgment being there given for the company, Shepard appeals to this Court.

It is stated in the declaration, that one Samuel Brooks, on the twenty-first day of April, in the year 1842, made his promissory note, and thereby promised to pay to the order of said Shepard, for value received, sixty days after the date

thereof, one hundred and seventy dollars, negotiable, &c., and delivered it to the defendant, Shepard, who endorsed and delivered it to the plaintiffs. The note not being paid when due, this action was brought against Shepard as endorser.

The bill of exceptions shows, that after the note and protest for non-payment were read in evidence, the notary public was called, who, being examined in chief, stated on the part of the plaintiff, that, on the day the note was protested, he was not able to find the maker, and that, next morning, as he believed, he left a notice of the protest at the dwelling-house of the defendant, with the wife or daughter of the defendant, the defendant himself being absent. On his cross-examination, he said that he might be mistaken about having delivered the notice at the defendant's house, as he had stated in his direct examination, and his attention now being called to the matter more particularly, he thought he was mistaken, and that he delivered the notice to the defendant the next day after the protest, in person, a little before dark, in front of the defendant's house.

On this testimony the defendant moved the court to instruct the jury that there was no evidence before them on which they could find a verdict for the plaintiff. This motion being overruled, the jury found a verdict for the plaintiff, and the defendant moved for a new trial — First, because he was surprised by the evidence of Joseph V. Garnier, the notary public, the witness upon whose evidence the said verdict was found; second, because the said verdict was against law, evidence, the weight of evidence, &c.; third, because of a variance betwixt the proof and the declaration; because no sufficient evidence of notice of dishonor.

The defendant then made an affidavit, in which he stated that he was taken by surprise on the trial of the above cause, in this, that the said Joseph V. Garnier, a witness on behalf of the plaintiff, in his evidence, stated certain matters which were entirely false, and that he verily believes that in consequence of the false testimony of said Garnier a verdict was rendered against him, and that had the said Garnier testified to the truth, and nothing but the truth, that the verdict and judgment would have been in favor of the said defendant; that he did not anticipate what Garnier would state on the trial; that he verily believes that he will be able to show that the evidence of the said Garnier, given on the trial of the said cause, was, in several material points, false and untrue, should a new trial be granted.

A more slight pretence for a new trial was, perhaps, seldom or ever made. He knew from the declaration what the plaintiff would attempt to prove, and he must, if he had reflected a moment, have known that this proof would be, most probably, attempted to be made by the testimony of this said Joseph V. Garnier, the notary public; and he must also have known whether he had been informed of the protest for non-payment, and that the plaintiffs would not be so simple as to bring suit, unless they expected to be able to make out their case. Why, then, did not this defendant come prepared with evidence to rebut that of the notary public, or to impeach his general character as a man of veracity? If, as is contended, we are bound to presume the facts stated in the affidavit to be true, we are equally bound to take notice that none but the grossly negligent man would have omitted to provide testimony to meet such a case.

The endorser is indeed bound, as is contended, to show that reasonable diligence has been used to ascertain whether the maker had a place of residence, or a place of business, in town. It seems to me evident enough that he made out a very good *prima facie* proof that the maker had no such place, either of residence or of business.

The notary stated, that in endeavoring to present the note, he went some distance up Main-street, and a little way down said street, and inquired of several of his acquaintances, whom he met, as to the place of residence or business of the maker; but none of them knew any thing about either his place of residence or business, or about the maker.

In such a place as St. Louis, if a notary public knew nothing of the place of residence or place of business of any man, it would raise a reasonable presumption that such man had no place of business or place of residence in the city, other than a place of lodging in a boarding-house; and if a notary public, in walking over a square or two along Main-street, could find no acquaintances that knew of such man, then, it appears to me, the presumption would be, that the man had neither place of residence nor place of business in St. Louis. That the notary inquired of two or three strangers "*that he casually met on the public street,*" is a gratuitous assertion. The evidence on the record does not warrant such an assertion. The failure of Shepard, the appellant, to prove, or to attempt to prove, that the maker of the note had either a residence or a place of business in St. Louis, is strong evidence of the correctness of the notary's conclusion, that the maker was a non-resident of St. Louis. The affidavit of surprise, made by the appellant, in order to obtain a new trial, is no other than such a one as any man, who is indisposed to pay his debts, would readily make; and the most negligent, as well as the most diligent might, safely make it, unless rebuked by conscience.

The judgment of the Court of Common Pleas ought, in my opinion, to be affirmed.